IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason H.,[1]<br><br>  Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security Administration,<br><br>  Defendant. | Case No.: 6:22-cv-3022-JD-KFM<br><br>**ORDER** |

    This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Jason H. ("Plaintiff" or "Jason") brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Defendant Kilolo Kijakazi, Acting Commissioner of Social Security Administration ("Commissioner" or "Defendant"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB").[2]

    Plaintiff filed an application for DIB on April 29, 2019, alleging a disability onset beginning August 16, 2016. His application was denied initially, and the Administrative Law Judge upheld the denial on May 19, 2021. The Appeals Council denied Plaintiff's request for review on August 11, 2022. (DE 11-2, p. 2.) Plaintiff filed this action on September 8, 2022. (DE 1.)

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]    Plaintiff claims the following severe impairments: spine disorder; asthma; carpal tunnel syndrome; depression/bipolar disorder; anxiety disorder; and posttraumatic stress disorder.

1

The Magistrate Judge issued the Report and Recommendation on April 28, 2023, recommending that the Commissioner's decision be affirmed. (DE 16.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Plaintiff filed no objections to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds no clear error; and therefore, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's decision is Affirmed.

**AND IT IS SO ORDERED.**

                                                                                  _____
                                                                                  Joseph Dawson, III
                                                                                  United States District Judge

June 26, 2023
Florence, South Carolina